UNITED BANK of ARIZONA, Plaintiff,

v.

SUN MESA CORPORATION, et al., Defendants.

No. CIV 86–1968 PHX–CAM.

United States District Court, D. Arizona.

March 23, 1988.

Patricia Norris Halstead, Carolyn S. Short, Michael Lloyd McAllister, Lewis & Roca, Phoenix, Ariz., for plaintiff.

Jon A. Titus, Robert L. Bluemle, Furth, Fahrner, Bluemle & Mason, Scottsdale, Ariz., Joseph Bell, Fredrick P. Furth, Thomas R. Fahrner, Furth, Fahrner, Bluemle & Mason, San Francisco, Cal., for intervenors Joyce I. Oldfather, Richard D. Autz, Susan M. Autz and Vivienne Esberner.

James J. Farley, Farley, Robinson & Larsen, Phoenix, Ariz., R. Alan Stotsenburg, R. Alan Stotsenburg, P.C., New York City, for intervenor Arden Wilson.

Paul J. Roshka, Jr., O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for defendants Sun Mesa Corp., Jack L. Liberatore, Convalescent Mgt. Corp., Convalescent Mgt. Retirement, Inc., and Convalescent Mgt. Dev. Corp.

Michael W. Sillyman, Wentworth, Lundin & Herf, Phoenix, Ariz., for defendants Fredrick J. Simon and J. William Webber.

Joseph W. Westmeyer, Jr., Toledo, Ohio, for defendants Robert A. Klien and John D. Black.

Donald O. Fuller, Bethancourt & Fuller, P.C., Mesa, Ariz., for defendant Donald F. Garney; Donald F. Garney, Mesa, Ariz., pro se.

Robert L. Palmer, Jon M. Sands, Meyer, Hendricks, Victor, Osborn & Maledon, Jerry C. Bonnett, Bonnett, Fairbourn & Friedman, P.C., Phoenix, Ariz., for defendants Buchanan & Co., Inc. and Robert M. Buchanan.

John W. Oberg, Brian Holohan, Crampton, Woods, Broening & Oberg, P.C., Phoenix, Ariz., for defendant Low & Furby.

William T. Birmingham, Glenn J. Carter, Jennings, Strouss & Salmon, Phoenix, Ariz., for defendant Benesch, Friedlander, Coplan & Aronoff.

Vaughn A. Crawford, John J. Bouma, Snell & Wilmer, Phoenix, Ariz., for defendant Ellis, Baker, Clark & Porter, P.C., formerly Ellis, Baker, Lynch, Clark & Porter, P.C.

Kevin E. O'Malley, Gallagher & Kennedy, P.A., Phoenix, Ariz., for defendant Dubin, Joseph, McFadden & Schagrin.

Robert Clifford Hackett, John R. Hoopes, Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C., Phoenix, Ariz., J. Stephen Menton, Huey, Guilday, Kuersteiner & Tucker, Tallahassee, Fla., for defendant May Zima & Co.

Vernon Lee Nicholas, Killian, Legg, Nicholas, Fischer, Wirken, Cook & Pew, Mesa, Ariz., for defendant Otto Mark Tarvainen.

Charles E. James, Jr., Chapman & Cutler, Phoenix, Ariz., Ann Acker, Donna A. Ross, Chapman & Cutler, Chicago, Ill., for defendant Industrial Development Authority of the City of Mesa, Ariz.

Richard A. Segal, Gust, Rosenfeld & Henderson, Phoenix, Ariz., for defendant Reynolds, Rhodes & Golston.

MUECKE, District Judge.

## BACKGROUND

On January 6, 1988, this Court granted the Defendants' Motion for Judgment on the Pleadings and ruled that the United Bank did *not* have standing to assert securities fraud claims on behalf of approximately fourteen hundred bondholders whom the bank serves as indenture trustee. Standing was absent because the relevant agreements only provided the Bank with standing to cure default on the underlying loan. Since the fraud claims could have been asserted regardless of breach, the claims were not a remedy for default. Thus, the specific language of the agree-

ments did not support an inference that the individual bondholders had surrendered their right to independently sue the Defendants for fraud. Caution also counseled against standing because of the need to provide the best mechanism for insuring that no conflicts between the bondholders and their indenture trustee rendered their relationship adverse.[1] Moreover, the Court concluded that a class action would be the most effective vehicle to furnish definitive rules governing the scope of any subsequent dismissal or judgment. Contrary to the Defendants' request, however, the Court did not dismiss the fraud claims without qualification. Rather, the Court invited the bondholders to intervene as plaintiffs no later than March 28, 1988.

In accordance with this invitation, several bondholders have moved to intervene. Specifically, on February 5, 1988, Ms. Joyce I. Oldfather and three other bondholders moved to intervene on behalf of themselves and all other similarly situated bondholders. Mr. Ernest R. St. Marie moved to intervene exclusively on his own behalf on February 8, 1988. And finally, on February 29, 1988, Mr. Arden Wilson moved to intervene on his own behalf and all other bondholders similarly situated. Significantly, *no* opposition to the intervention of Ms. Oldfather *et al* and Mr. St. Marie has been filed.

In contrast, however, on March 14, 1988 several Defendants filed a Response opposing Mr. Wilson's Motion to Intervene. The arguments presented in the Motion and Response are summarized and evaluated below.

### ANALYSIS

Mr. Wilson's Motion to Intervene is predicated on Rule 24 of the Federal Rules of Civil Procedure. Rule 24 has two substantive sections. Rule 24(a) sets forth the standards governing "intervention as of right," whereas 24(b) governs "permissive intervention."[2] Mr. Wilson's Motion argues that both sections (a) and (b) entitle him to intervene. Each section will be analyzed in turn.

### A. Rule 24(a).

As indicated above, Rule 24(a) governs intervention as of right. In pertinent part, it provides that:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit has "established a practical test which applicants must meet in order to qualify for intervention" under 24(a). *United States of America v. State of Oregon*, 839 F.2d 635, 637 (CA9 1988). The test is four-pronged: 1) the motion to intervene must be timely; 2) the applicant must assert an interest in the underlying subject matter of the litigation; 3) the applicant's interest in the underlying subject matter must be prejudiced if intervention is denied; and lastly 4) the applicant's interest must be inadequately represented in his absence. *Id.* See also, *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (CA9 1983). Because the requirements are stated in the conjunctive, all four must be satisfied before intervention as of right will lie. *United States of America v. 36.96 Acres of Land*, 754 F.2d 855, 858 (CA7 1985). Nevertheless, as a whole, the Rule is to read generously in favor of intervention. *United States v. Stringfellow*, 783 F.2d 821, 826 (CA9 1986), *vacated and re-*

---

1. In fact, despite lack of specific allegations against the Bank, one prospective intervenor has named the Bank as a defendant in its complaint. Thus, even if the Bank is eventually dismissed, the Court has insured that the bondholders were not represented by an adverse interest.

2. Rule 24(a) is further divided into two subsections: 24(a)(1) governs intervention as of right as created by statute; 24(a)(2) governs intervention as of right in all other contexts. Mr. Wilson's Motion relies on 24(a)(2); for simplicity's sake, however, Rule 24(a)'s subsections will not be specified.

*manded on other grounds, Stringfellow v. Concerned Neighbors in Action,* —— U.S. ——, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987).

■ In the present case, the Defendants concede that Mr. Wilson has satisfied the first two requirements of the test. They contest his satisfaction of the test's last two requirements, however. For instance, in reference to the test's third requirement, the Defendants argue that Mr. Wilson has failed to demonstrate that his interests will be impaired if he is denied intervention because Ms. Oldfather has already moved to intervene on behalf of the entire class of bondholders. This argument, however, is not supported by either case law or good sense. The two cases the Defendants adduce in support of their argument are decidedly off-point. In fact, both cases actually support Mr. Wilson's Motion.

In *Shore v. Parklane Hosiery Co., Inc.,* 606 F.2d 354, 357 (CA2 1979), for example, the court actually *permitted* intervention. The only reason the court approved any conditions on the applicant's intervention in the first place was because he moved to intervene on the *eve* of settlement. *Id.* Similarly, in *Hawaii–Pacific Venture Capital Corp. v. Rothbard,* 564 F.2d 1343, 1345 (CA9 1977), the court upheld the denial of a *post*-judgment motion to intervene and noted that the would-be intervenor was not bound by the underlying judgment. Thus, both cases cited by the Defendants involved motions to intervene which, for all practical purposes, were untimely. Neither case can be read to limit intervention as of right at the beginning of a lawsuit. The result is no surprise; motions to intervene should be filed at the onset.[3] That is the best time to protect the interests that inform Rule 24 because that is the time when the applicant has the best opportunity to affect the outcome of the lawsuit.

The Defendants next argue that Wilson's Motion should be denied because his interests are already adequately represented by Ms. Oldfather. But because Ms. Oldfather has merely filed a motion to intervene that has yet to be even granted, it is hard to imagine how she can adequately represent

Mr. Wilson's interests. To the contrary, Oldfather's prospective plaintiff status prevents her from representing anyone at this juncture, much less Mr. Wilson or the prospective plaintiff class. Moreover, it is apparent that Mr. Wilson thinks that Ms. Oldfather will inadequately represent his interests in this lawsuit. After all, he elected to intervene in the face of Oldfather's Motion and his complaint named fewer defendants. Mr. Wilson's decision as to how to prosecute *his* lawsuit should be afforded great deference. He is the one alleging injury. He is entitled to his day in court. A contrary conclusion would in effect allow the Defendants to select Mr. Wilson's counsel and thereby turn the adversary system and the attorney-client relationship on their heads.

Thus, upon close scrutiny, the essence of the Defendants' argument is that because Ms. Oldfather filed her Motion to Intervene three weeks before Mr. Wilson filed his, he should not be allowed a substantive voice in this litigation. But this result is preposterous; the mere filing of a motion to intervene before anyone else has does not entitle the movant to act as class representative. More relevant considerations govern that determination. Moreover, those considerations are entertained in reference to class certification pursuant to Rule 23(c)(1), not in a motion to intervene. In fact, not only should Wilson's Motion be granted, because it furthers the underlying purposes of Rule 23, it should be welcomed.

As this Court observed in its January Order, "this matter [will] best proceed within the confines of Rule 23 of the Federal Rules of Civil Procedure." Accordingly, in all likelihood, the Court will certify a plaintiff class in the near future. This certification will involve questions of how to assure that the plaintiff class is best represented. Outside the class action context, this question is easily answered by the traditional characteristics of the attorney-client relationship. The client's single voice governs his lawyer's conduct and representation is thereby (more or less) secured. In contrast, a plaintiff class may

---

**3.** This is not to suggest that motions to intervene should *only* be filed at the onset of litigation.

have many voices; moreover, they may disagree. That is why, in order to assure substantive representation, it is often preferable to have several attorneys represent the several voices within the class. *See* Rule 23(d)(2) Fed.R.Civ.P. *and* Notes of the Advisory Committee on Rules, 1966 Amendment, Subdivisions (c)(1) and (d)(3), 39 F.R.D. 69, 104–107.

Furthermore, because class counsel often has a greater monetary interest in the action than any individual class member, conflicts between the class and its lawyer may arise. It is therefore prudent to entertain competition among counsel for class representation. Such competition serves to flush-out both intraclass conflicts and conflicts between the class and its attorneys and therefore engenders fair representation. Thus, because this Court has a duty to assure fair representation, *see* Rule 23(e) Fed.R.Civ.P.,[4] Mr. Wilson's timely Motion to Intervene is welcome. If it becomes apparent at some time in the future that only one counsel is required to represent the entire class, this Court can act accordingly at that time. Such speculation is unwarranted at this early juncture.

Accordingly, this Court concludes that Arden Wilson has satisfied the requirements of intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

**B. Rule 24(b).**

■ This Court also finds that Mr. Wilson's Motion fulfills Rule 24(b)'s requirements. Rule 24(b) governs permissive intervention and provides that:

> Upon timely application anyone may be permitted to intervene in an action ... when [1] the applicant's claim or defense and the main action have a question of law or fact in common ... and [2] the intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties.

*See also California v. United States*, 805 F.2d 857, 866 (CA9 1986). The Defendants concede that Mr. Wilson has satisfied the first requirement of Rule 24(b); however, they nevertheless contend that his intervention will result in delay and prejudice because "the amount of paper generated in this case will increase exponentially." *Defendants' Response in Opposition to Intervention*, p. 8. The Defendants' argument misses the mark because, once again, it misunderstands the operation of the Federal Rules of Civil Procedure.

This Court can grant Wilson's Motion *and* prohibit the exponential swell of paper. Rule 23(d)(1) provides that upon class certification, "the court may make appropriate orders ... determining the course of proceedings or proscribing measures to prevent undue repetition or complication in the presentation of evidence or argument." The Court, moreover, can restrict the growth of surplus paper by means of Rules 11, 26(g) and 37(b). Thus, the Defendants' fears of delay and prejudice are illusory and this Court concludes that Mr. Wilson has satisfied the second requirement of permissive intervention under Rule 24(b).

**C. Rule 11.**

■ The Defendants have expressed an unfounded fear of excess paper; ironically, however, in filing their opposition to Mr. Wilson's Motion, the Defendants themselves have indulged in excess filings. As the foregoing discussion has made clear, this Court has attempted to discern merit in the Defendants' Response. The effort was unavailing.

Rule 11 requires filings to be "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and ... not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11

---

**4.** In reference to the court's duty to ensure fairness, Wright and Miller have observed "[t]he purpose of subdivision (e) [of Rule 23] is to protect the nonparty members of the class from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise." 7B Wright, Miller & Kane, *Federal Practice and Procedure* pp. 340–341 (1986).

Fed.R.Civ.P. If the court concludes that the Rule has been violated, "the imposition of sanctions is mandatory." *Huettig & Schromm, Inc. v. Landscape Contractors Council*, 790 F.2d 1421, 1426 (CA9 1986). In determining whether the Rule has been breached, "the subjective intent of the pleader or movant to file a meritorious document is of no moment. [Instead], [t]he standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830, 832 (CA9 1986).[5] Competent lawyers only file "arguable" papers. *See Hudson v. Moore Business Forms, Inc.*, 827 F.2d 450, 453 (CA9 1987). Arguable papers have a reasonable likelihood of success in either the district court or on appeal, although the ultimate success of the filing is irrelevant. *Id.* Thus, this Court must ask whether a competent attorney could have placed *any* reasonable likelihood in the success of his filing.

Although unable to answer the question in the affirmative, the Court is not without doubt. Consequently, this Court will not impose sanctions. *See Oliveri v. Thompson*, 803 F.2d 1265, 1275 (CA2 1986) (court should "resolve all doubts in favor of the signer"). Because this action threatens to be protracted, however, at this time the Court will merely warn the litigants that such doubts will be dissolved by any similar filings in the future.

#### D. Conclusion.

Based on the foregoing, this Court grants Arden Wilson's Motion to Intervene pursuant to both Rule 24(a) and (b). Because no opposition to Ms. Oldfather's and Mr. St. Marie's Motions to Intervene has been filed, moreover, this Court will also grant their Motions pursuant to Local Rule 11(h). Pursuant to their request, the intervening Plaintiffs shall file an amended

complaint by March 28, 1988. The Defendants shall answer the complaint within twenty days pursuant to Rule 12(a) Fed.R.Civ.P. (i.e. by April 18, 1988). The intervening Plaintiffs shall move for class certification pursuant to Rule 23(c)(1) no later than April 28, 1988.

---

5. *See also* Notes of the Advisory Committee on Rules, 1983 Amendments, 97 F.R.D. 198 (1983) ("The standard is one of reasonableness under the circumstances.") In this case, one "circumstance" was this Court's invitation to the bondholders to intervene. Obviously, the Court would not have made the invitation if intervention was improper. In the face of the invitation, it behooved the Defendants to adduced stronger argument or authority than they actually presented. This underscores the borderline frivolity of the Defendants' Response.