STRINGFELLOW ET AL. *v.* CONCERNED NEIGHBORS
IN ACTION ET AL.

No. 85–184.   Argued January 20, 1987—Decided March 9, 1987

POWELL, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and WHITE, BLACKMUN, STEVENS, O'CONNOR, and SCALIA, JJ., joined, and in all but Part II–B of which BRENNAN and MARSHALL, JJ., joined. BRENNAN, J., filed an opinion concurring in part and concurring in the judgment, in which MARSHALL, J., joined, *post*, p. 380.

*David L. Mulliken* argued the cause for petitioners. With him on the briefs were *Robert P. Dahlquist, Barry P. Goode, Vincent Fish, Michael A. Kahn, Peter R. Taft,* and *G. Richard Doty.*

*Paul J. Larkin, Jr.,* argued the cause for the United States as respondent under this Court's Rule 19.6, in support of petitioners. With him on the briefs were *Solicitor General Fried, Assistant Attorney General Habicht, Deputy Solicitor General Wallace,* and *Anne S. Almy.*

*Joel R. Reynolds* argued the cause for respondents. With him on the briefs were *Fredric D. Woocher* and *Carlyle W. Hall, Jr.*

JUSTICE POWELL delivered the opinion of the Court.

The question before us is whether a district court order granting permissive intervention but denying intervention as of right is immediately appealable.

I

This case is part of the ongoing litigation concerning the Stringfellow Acid Pits, an abandoned hazardous waste disposal site near Glen Avon, California. Petitioners are 28 individuals, companies, or entities who formerly owned or operated the Acid Pits, or who allegedly produced or transported the wastes that were dumped at the disposal site. In 1983 the United States and the State of California filed suit against petitioners, claiming that the Acid Pits created a substantial danger to the surrounding area. The Government plaintiffs sought injunctive relief that would require petitioners to abate the release of harmful substances from the site, and to take remedial steps to correct the unsafe conditions. Both the United States and California also requested reimbursement for the costs incurred in bringing about the cleanup.

Shortly after the complaint was filed, respondent Concerned Neighbors in Action (CNA), a nonprofit organization whose members live near the dumpsite, moved to intervene in the litigation. CNA claimed that it was entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), because it had a substantial interest in the suit that would not be represented adequately by the existing parties.[1] CNA also asserted that the citizen suit provisions

---

[1] Federal Rule of Civil Procedure 24 provides in part:

"(a) INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the . . . subject of the action and . . . the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

of various environmental statutes allowed intervention as of right in these circumstances.[2] Alternatively, CNA claimed that it should be allowed to intervene by permission pursuant to Rule 24(b).

The District Court denied the request to intervene as of right, but granted CNA's application to become a permissive intervenor. The court concluded, however, that CNA's right to participate should be subject to three conditions. First, it held that CNA could not assert any claim for relief that had not already been requested by one of the original parties. The court found that "allowing applicants to assert their individualized damage and other claims would burden and expand an already complex litigation, and could jeopardize the possibility of settlement." App. to Pet. for Cert. A–19. Second, CNA could not intervene in the Government plaintiffs' claim for recovery of the clean-up costs. Finally, in an effort to "minimize any delay and confusion involved in discovery," the District Court ruled that CNA could not file any motions or conduct its own discovery unless it first conferred with all the original parties, and then obtained permission to go forward from at least one of these litigants. *Id.*, at A–20. The court emphasized, though, that CNA had the right to attend all depositions, to participate to the extent not duplicative of the original parties, and to receive copies of all discovery material produced by the other litigants.

---

"(b) PERMISSIVE INTERVENTION. Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

[2] CNA alleged that it had the right to intervene under the Safe Drinking Water Act, 88 Stat. 1690, as amended, 42 U. S. C. § 300j–8, the Resource Conservation and Recovery Act, 90 Stat. 2825, as amended, 42 U. S. C. § 6972 (1982 ed. and Supp. III), and the Clean Water Act, as added, 86 Stat. 888, 33 U. S. C. § 1365.

CNA filed an immediate appeal, protesting both the denial of the application to intervene as of right and the restrictions imposed on permissive intervention. The Court of Appeals for the Ninth Circuit initially dismissed the appeal, finding that the District Court order was not a "final decision" within the meaning of 28 U. S. C. § 1291.[3] The court's decision was largely based on the fact that CNA had been made a party to the litigation and could protect its interests fully during an appeal from the final judgment. The Ninth Circuit also noted that its decision was consistent with the results reached by other Courts of Appeals in similar cases.[4] The court subsequently withdrew its opinion, however, concluding that the holding was inconsistent with Ninth Circuit precedent. Relying on *California* v. *Block*, 690 F. 2d 753, 776 (1982), the court ruled that "[d]enial of intervention as of right is a final appealable order, despite the grant of permissive intervention." App. to Pet. for Cert. A–26. The court ordered further briefing on the merits of the intervention application, and ultimately held that CNA must be allowed to intervene as of right. *United States* v. *Stringfellow*, 755 F. 2d 1383 (1985) (order). See also 783 F. 2d 821 (1986) (opinion).

We granted certiorari to resolve the conflict among the Courts of Appeals as to whether this type of pretrial order is subject to immediate appeal. 476 U. S. 1157. We now vacate and remand.

## II

CNA acknowledges that the District Court order in this case is not "final" in the traditional sense. The decision con-

---

[3] Section 1291 provides: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."

[4] See *Kartell* v. *Blue Shield of Massachusetts, Inc.*, 687 F. 2d 543, 549–550 (CA1 1982); *Shore* v. *Parklane Hosiery Co.*, 606 F. 2d 354, 357 (CA2 1979); see also *Wheeler* v. *American Home Products Corp.*, 582 F. 2d 891, 896 (CA5 1977).

cerning CNA's intervenor status clearly is not one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." See *Catlin* v. *United States*, 324 U. S. 229, 233 (1945). Instead, CNA argues that the order falls within one of the narrow categories of decisions that we have deemed final for purposes of review, even though the entire dispute has not yet been resolved.

## A

CNA's primary argument is that the District Court ruling is covered by the "collateral order" exception to § 1291. This doctrine recognizes that a limited class of prejudgment orders is sufficiently important and sufficiently separate from the underlying dispute that immediate appeal should be available. *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 546 (1949). To qualify as a collateral order, a decision must: (i) "conclusively determine the disputed question"; (ii) "resolve an important issue completely separate from the merits of the action"; and (iii) "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand* v. *Livesay*, 437 U. S. 463, 468 (1978) (footnote omitted). See also *Firestone Tire & Rubber Co.* v. *Risjord*, 449 U. S. 368, 375 (1981).

Although a party seeking appeal must show that all three requirements are satisfied, we find it unnecessary to address each part of the test. We assume, *arguendo*, that the District Court order conclusively determined CNA's right to intervene, and that the intervention issue is completely separate from the merits of the underlying action. We nevertheless find that the order is not "collateral" within the meaning of *Coopers & Lybrand*. We conclude that because CNA is now a party to the suit by virtue of its permissive intervention, it can obtain effective review of its claims on appeal from the final judgment.

An intervenor, whether by right or by permission, normally has the right to appeal an adverse final judgment by a

trial court. See *Fishgold* v. *Sullivan Drydock & Repair Corp.*, 328 U. S. 275, 280–283 (1946); *Kartell* v. *Blue Shield of Massachusetts, Inc.*, 687 F. 2d 543 (CA1 1982). See also 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 24–15, pp. 24–169—24–170 (2d ed. 1985) (An intervenor may appeal from "all interlocutory and final orders that affect him . . . whether the right under which he intervened was originally absolute or discretionary"); 7C C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1923, p. 517 (2d ed. 1986). Thus if CNA still wishes to challenge the denial of intervention as of right, or if it believes that the restrictions imposed by the District Court prevented it from protecting its interests, it can raise these claims before the Court of Appeals after the trial. That court then can decide whether the order was erroneous, and if so, whether CNA's inability to participate more fully in the proceedings may have affected the final judgment. We therefore cannot conclude that CNA's interests will be "irretrievably lost in the absence of an immediate appeal." See *Richardson-Merrell Inc.* v. *Koller*, 472 U. S. 424, 431 (1985).

CNA does not dispute that it has the right to pursue a post-trial appeal. But it argues that, given the realities of complex litigation, a dispute over the right to intervene must be resolved before trial if it is to have any practical significance. CNA argues that once the district court enters a remedial order in a case such as this, involving numerous parties and years of litigation, an appellate court will be reluctant to vacate the judgment because of an erroneous intervention order. CNA suggests that the incentives to affirm the trial court's decision will be so strong at that point that the "right" to appeal will be academic at best, and thus CNA's ability to press for the strongest possible clean-up order will indeed be "irretrievably lost."

This contention may be true to some degree, but it is largely beside the point. Although it may be difficult for CNA to show that the harm from the intervention order is

sufficiently great to overturn the final judgment, this has little bearing on whether CNA has the right to an interlocutory appeal under the collateral order doctrine. The difficulties of which CNA complains are the same as those faced by any party who is subject to an adverse pretrial order. A party who has had one of several claims dismissed before trial, for example, may similarly believe that the chances of overturning the judgment on this ground are small, even if the dismissal turns out to be erroneous. Yet unless the district court specifically holds otherwise, challenges to this type of order can be raised only after judgment. See Fed. Rule Civ. Proc. 54(b). See also 10 Wright, Miller, & Kane, *supra*, § 2653, at 25–26, 31. CNA presents no compelling reason why the intervention order in this case should be treated differently. As a permissive intervenor, CNA will have the same rights of appeal from a final judgment as all other parties; we decline to extend the collateral order doctrine to provide more.

### B

CNA also argues that because the District Court placed such onerous limitations on its right to participate in the case, the order should be construed as a *complete* denial of the right to intervene. CNA correctly notes that when an order prevents a putative intervenor from becoming a party in *any* respect, the order is subject to immediate review. *Railroad Trainmen* v. *Baltimore & Ohio R. Co.*, 331 U. S. 519, 524–525 (1947). Even though CNA is now a party to the action, it maintains that the restrictions on discovery and the right to request additional relief so severely undermine its ability to influence the litigation that the order is not different in effect from one denying all participation. Indeed, CNA argues that unless it can challenge these restrictions immediately, it will be in a worse position than if the District Court had rejected its intervention application in full: CNA will be unable to participate effectively, and yet still will be bound by the final judgment because of its permissive-

party status. We therefore are urged to give the District Court decision a "practical" interpretation and rule that the permissive-intervention order was a constructive denial.

We cannot accept this argument. In *Railroad Trainmen,* we found that the order denying all intervention was *by necessity* subject to immediate review, because the applicant "[could] not appeal from any subsequent order or judgment in the proceeding . . . ." 331 U. S., at 524. In that case the party seeking to intervene had no recourse other than pretrial review, since the trial court's order terminated that party's participation in the litigation. In the present case, however, CNA is a participant in the proceeding and has alternative means for challenging the order. Consequently, the justification for immediate review found in *Railroad Trainmen* is absent from this case. And while the District Court restricted CNA's ability to participate as fully as it might wish, it is significant that none of the limitations interfere with CNA's ability to raise its claims on postjudgment appeal. As noted, CNA was given access to discovery information and was permitted to participate to the extent not duplicative of other parties. We therefore refuse to find that the grant of permissive intervention, even though subject to conditions, should be treated as a complete denial of the right to participate.

## C

Finally, CNA argues that the District Court order comes within the statutory exception to finality set forth in 28 U. S. C. § 1292(a)(1). That section provides that a party may take an interlocutory appeal from an order "granting, continuing, modifying, refusing or dissolving injunctions." CNA asserts that the order in this case constituted a "refusal" to grant an injunction in two respects. First, by ruling that CNA could not raise any claim not asserted by an original party, the District Court necessarily denied the injunctive relief CNA sought in its Complaint in Interven-

tion.[5] Second, by denying the right to file motions without the consent of another party, CNA claims that the order prevents it from even *requesting*, much less obtaining, a preliminary injunction.

This argument fails for the reasons discussed above. Even if we were convinced that the District Court order had the effect of denying an injunction, it still would not satisfy § 1292(a)(1). This Court has made it clear that not all denials of injunctive relief are immediately appealable; a party seeking review also must show that the order will have a "'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal." *Carson* v. *American Brands, Inc.*, 450 U. S. 79, 84 (1981) (quoting *Baltimore Contractors, Inc.* v. *Bodinger*, 348 U. S. 176, 181 (1955)). Because we have concluded that CNA, during post-trial review, can challenge the limitations on its participation, we conclude that § 1292(a)(1) provides no basis for affirming the decision below.[6]

---

[5] When CNA filed its application to intervene, it also lodged a proposed Complaint in Intervention that requested injunctive relief beyond that which was sought by the government plaintiffs. See *United States* v. *Stringfellow*, 783 F. 2d 821, 824 (CA9 1986).

[6] CNA also argues that recent congressional action demonstrates that the decision of the Court of Appeals for the Ninth Circuit is plainly correct. In October 1986, the Superfund Amendments and Authorization Act of 1986 was signed into law. Pub. L. 99–499, 100 Stat. 1613. CNA claims that § 113(c) of these amendments shows that affected groups such as CNA are allowed to intervene as of right in proceedings designed to clean up hazardous waste sites. We express no opinion on the new legislation, because we find it irrelevant to the question before us. CNA's argument addresses the *merits* of the District Court intervention order; we granted certiorari, however, only to decide whether this type of order is immediately appealable. The possibility that the District Court order is legally flawed has no bearing on our decision, given that "interlocutory orders are not appealable 'on the mere ground that they may be erroneous.'" *Firestone Tire & Rubber Co.* v. *Risjord*, 449 U. S. 368, 378 (1981) (citation omitted).

## III

As we have noted in the past, the finality rule of § 1291 protects a variety of interests that contribute to the efficiency of the legal system. Pretrial appeals may cause disruption, delay, and expense for the litigants; they also burden appellate courts by requiring immediate consideration of issues that may become moot or irrelevant by the end of trial. In addition, the finality doctrine protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference. *Firestone Tire & Rubber Co.* v. *Risjord,* 449 U. S., at 374. Particularly in a complex case such as this, a district judge's decision on how best to balance the rights of the parties against the need to keep the litigation from becoming unmanageable is entitled to great deference. Cf. Fed. Rule Civ. Proc. 24(b)(2) ("In exercising its discretion [concerning permissive intervention] the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties"). The judge's ability to conduct efficient and orderly trials would be frustrated, rather than furthered, by piecemeal review. See *Richardson-Merrell Inc.* v. *Koller,* 472 U. S., at 434.

The decision of the Court of Appeals is vacated, and the case is remanded with instructions to dismiss the appeal for want of jurisdiction.

*It is so ordered.*

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, concurring in part and concurring in the judgment.

I join all of the Court's opinion except Part II–B. In that Part, the Court rejects CNA's argument that the District Court's order granting permissive intervention and placing constraints on CNA's participation in the litigation "constructively denied" CNA's motion to intervene and therefore rendered it an appealable order. *Ante,* at 378. I agree with the Court's decision to reject this argument, and with its rea-

soning that "CNA is a participant in the proceeding and has *alternative means* for challenging the order." *Ibid.* (emphasis added). In explaining what those alternative means are, however, the Court refers only to "CNA's ability to raise its claims on postjudgment appeal." *Ibid.* With all respect, this explanation is insufficient.

The premise of CNA's argument that its right to intervene was constructively denied is that CNA will not be able to obtain effective review of the restrictions placed on its participation on postjudgment appeal. CNA argues that in this complex protracted litigation, the "'right' to appeal will be academic at best," and that, consequently, "CNA's ability to press for the strongest possible clean-up order will indeed be 'irretrievably lost.'" *Ante*, at 376. The Court concedes that this premise "may be true to some degree." *Ibid.* To reject CNA's argument that its right of participation was *constructively* denied by pointing to the availability of a remedy that may be "academic at best," however, is to skirt the very question CNA is asking us to resolve.

There are more persuasive reasons to reject CNA's argument. First, it would be inconsistent to afford a permissive intervenor a right to appeal that would be denied an intervenor of right or an original party on whose participation severe restrictions had been placed. Second, if the conditions imposed on a party would have the practical effect of denying that party the right to participate in the litigation, and if postjudgment appeal is likely to prove ineffective, the available means of relief include a petition to the Court of Appeals for a writ of mandamus. Before elaborating on these points, however, it is necessary briefly to review the distinction between permissive intervention and intervention of right.

Federal Rule of Civil Procedure 24 distinguishes a permissive intervenor from an intervenor of right by the stake each has in the litigation. The intervenor of right has an interest in the litigation that it cannot fully protect without joining the litigation, while the permissive intervenor does not. Ac-

cordingly, a district court has less discretion to limit the participation of an intervenor of right than that of a permissive intervenor.[1]

This case illustrates the practical significance of the distinction between these types of intervention. While CNA's difficulties stem directly from the restrictions placed on its participation in the litigation, those restrictions are unlikely to be viewed as an abuse of discretion unless CNA was actually entitled to intervention of right. Nevertheless, even assuming, *arguendo*, that the District Court erred in denying intervention of right, and consequently that it erred in imposing severe restrictions on CNA's participation, CNA should

---

[1] Even highly restrictive conditions may be appropriately placed on a permissive intervenor, because such a party has by definition neither a statutory right to intervene nor any interest at stake that the other parties will not adequately protect or that it could not adequately protect in another proceeding. Fed. Rule Civ. Proc. 24(b). Indeed, the decision whether to grant permissive intervention resides largely in the discretion of the district court. Rule 24(b) provides that a party that has demonstrated a conditional right to intervene granted by federal statute, or a claim or defense that shares with the main action a common question of law or fact, *"may* be permitted to intervene," and that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties" (emphasis added). Accordingly, an order denying a motion for permissive intervention is assumed to "hav[e] no adverse effect on the applicant," and such an order is not appealable absent abuse of discretion. *Railroad Trainmen* v. *Baltimore & Ohio R. Co.*, 331 U. S. 519, 524 (1947).

By contrast, an intervenor of right has by definition either an unconditional right to intervene granted by federal statute, or an interest at stake which the other parties will not fully protect, and which the intervenor can fully protect only by joining the litigation. Rule 24(a). Such a party therefore has an interest in the subject matter of the litigation similar to that of the original parties. Rule 24(a) considerably restricts the court's discretion whether to allow intervention of right by providing that such a party *"shall* be permitted to intervene" (emphasis added). Thus, in *Railroad Trainmen*, the Court held that a party denied intervention of right (where no permissive intervention is sought) may appeal the order immediately. 331 U. S., at 524.

not be permitted to appeal the District Court's interlocutory order.

First, restrictions on participation may also be placed on an intervenor of right and on an original party.[2] If we were to accept CNA's theory of constructive denial, then it would follow that an intervenor of right also could appeal restrictions placed on its participation as a constructive denial of the right to intervene. And if an intervenor of right is to be afforded such an appeal, there is no reason to deny an appeal to an original party. For example, an original party could seek to appeal an order denying crucial discovery as an order which constructively entered summary judgment. To allow such appeals would seriously disrupt appellate procedure, and due respect for the finality doctrine counsels that the Court avoid taking steps toward that end.

Second, the alternative means of relief available to CNA, and available to an original party or intervenor of right facing similar restrictions, include the ability to petition the Court of Appeals for a writ of mandamus under the All Writs Act, 28 U. S. C. § 1651. Mandamus is an appropriate avenue for relief from orders unsuited to appellate review under the collateral-order doctrine; such orders are not representative of a class of orders for which interlocutory review is generally needed, but sometimes involve extraordinary circumstances giving rise to a compelling demand for pretrial relief. See 9 J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice ¶ 110.10, p. 136 (2d ed. 1986); 16 C. Wright, A. Miller, E.

---

[2] "An intervention of right under the amended rule [24(a)] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of proceedings." Advisory Committee Notes on Fed. Rule Civ. Proc. 24, 28 U. S. C. App., p. 567. And as the Court observes, a district court will not infrequently issue pretrial orders dismissing claims or restricting the scope of discovery that may compromise the ability of original parties to protect their interests, and that may not be effectively reviewable on appeal. *Ante,* at 377; see, *e. g.,* *Kerr* v. *United States District Court,* 426 U. S. 394 (1976) (discovery order limiting ability of plaintiffs to pursue claims).

Cooper, & E. Gressman, Federal Practice and Procedure § 3934 (1977 and Supp. 1986); cf. *Douglas Oil Co.* v. *Petrol Stops Northwest*, 441 U. S. 211, 232 (1979) (REHNQUIST, J., concurring) ("[O]ur cases and those of the Courts of Appeals hold that review of the granting or denial of discovery is not immediately reviewable, except perhaps by way of mandamus for gross abuse of discretion on the part of the trial court"); *Community Broadcasting of Boston, Inc.* v. *FCC*, 546 F. 2d 1022, 1028 (CA9 1976) (petition for writ of mandamus appropriate for orders which, as a class, do not qualify as collateral orders, but which in individual circumstances might work irreparable harm).

It is true, of course, that mandamus is to be granted "only in extraordinary situations," *Kerr* v. *United States District Court*, 426 U. S. 394, 402 (1976), and that "the All Writs Act [should not be construed to] confe[r] an independent appellate power in the Courts of Appeals to review interlocutory orders." *La Buy* v. *Howes Leather Co.*, 352 U. S. 249, 263 (1957) (BRENNAN, J., dissenting). The writ may properly issue, however, when "the action of the District Court tends to frustrate or impede the ultimate exercise by the Court of Appeals of its appellate jurisdiction granted in some other provision of the law." *Id.*, at 264. Lower courts have therefore found the writ appropriate when "effective review by later appeal seems difficult." 16 Wright, Miller, Cooper, & Gressman, *supra*, § 3934, p. 238. See, *e. g.*, *In re EEOC*, 709 F. 2d 392 (CA5 1983) (issuing writ to vacate discovery order that was effectively unreviewable on appeal); *Hamilton* v. *Morial*, 644 F. 2d 351 (CA5 1981) (issuing writ to consolidate all pending suits alleging unconstitutional overcrowding in state prisons and jails). Thus, although CNA's argument that the order here is effectively unreviewable on appeal does not constitute persuasive grounds for affording CNA an interlocutory appeal, the argument could properly be made in support of a petition for mandamus. Through that petition, CNA could seek review of both the denial of

intervention of right and of the imposition of conditions, because, as explained above, the resolution of the former determines the scope of the District Court's discretion in issuing the latter.

I conclude that CNA cannot appeal the interlocutory orders limiting its participation in this lawsuit as a constructive denial of its motion to intervene. CNA has available to it the "alternative means" available to any original party or intervenor of right seeking relief from extraordinarily prejudicial interlocutory orders, including the right to appeal from a final judgment and the right to petition for a writ of mandamus. I therefore concur in the judgment and join all but Part II–B of the opinion of the Court.