829 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry R. SMITH, Plaintiff-Appellant,
v.
Arnold R. JAGO; Major Robertson; J. P. Swyers; W. Jones;
Redman, Defendants-Appellees.
 No. 87-3164
 United States Court of Appeals, Sixth Circuit.
 September 24, 1987.
 
 ORDER
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 
 
 1
 The defendants move to dismiss this appeal from the district court's order denying a temporary restraining order and a preliminary injunction in this prisoner's civil rights case. The plaintiff has filed a response to the motion to dismiss. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a prisoner at the London, Ohio Correctional Institution. He filed a complaint alleging that prison officials searched his cell, took some typing paper, and ordered him to dispose of legal documents and law books. He alleged that these actions interfered with five civil cases currently pending before the district court. The plaintiff also filed a motion for a temporary restraining order and a preliminary injunction to prevent such interference. The district court denied the motion for a temporary restraining order and preliminary injunction because the plaintiff had failed to show a substantial likelihood of success on the merits.
 
 
 3
 The defendants' motion to dismiss argues that the denial of the temporary restraining order is not appealable and that the denial of the preliminary injunction is analogyous to the denial of the temporary restraining order. In effect, the defendants are saying that the denial of the request for a preliminary injunction will not have serious, perhaps irreparable consequences at this stage of the litigation, so the order is not immediately appealable. Stringfellow v. Concerned Neighbors In Action, 107 S.Ct. 1177, 1183-84 (1987). However, the loss of first amendment rights, even for minimal periods of time, does constitute irreparable injury. Elrod v. Burns, 427 U.S. 347, 373-74 (1976). So this court does possess jurisdiction over the order denying Smith's request for a preliminary injunction, and the motion to dismiss will be denied.
 
 
 4
 Nevertheless, this appeal will be summarily decided. We agree with the district court's conclusion that the plaintiff has failed to show a substantial likelihood of success on the merits. Mason County Medical Assoc. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). Therefore, we will affirm the denial of the motion for a preliminary injunction.
 
 
 5
 The motion to dismiss is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.