856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abraham B. NOSIKE, Plaintiff-Appellant,
v.
MICHIGAN CORRECTIONS ORGANIZATION, Michigan Correction
Arbitration Board, Michigan Corrections Executive
Council, Fred R. Parks, David W.
Vankoevering, Defendants-Appellees.
 No. 87-1966.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1988.
 
 Before LIVELY and MILBURN, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Abraham Nosike appeals from the district court's grant of summary judgment to appellees in this case. For the following reasons, the appeal is dismissed and we remand this case for further proceedings.
 
 I.
 
 2
 Abraham Nosike, a former guard at the State Prison of Southern Michigan at Jackson and a member of appellee Michigan Corrections Organization (M.C.O. or union), was discharged from employment on two separate occasions. First, after permitting a prisoner under his supervision to escape from the University of Michigan Hospital, appellant was discharged for inattention to duty on February 22, 1982. Appellant filed charges against the Michigan Department of Corrections, the Michigan Department of Civil Rights, and the Equal Employment Opportunity Commission. Appellant did not file similar charges against the union, but he did file a grievance pursuant to collective bargaining agreement procedures. In settlement of these claims, the Michigan Department of Corrections reinstated appellant with benefits and seniority, but without back pay. The union declined to arbitrate the denial of back pay.
 
 
 3
 Second, appellant was discharged for insubordination on October 11, 1982, after he disobeyed a direct order by leaving his post unattended. Again, appellant filed charges against the Michigan Department of Corrections with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission. Again, appellant failed to file similar charges against the union, but did file a grievance pursuant to collective bargaining agreement procedures. The union commenced grievance procedures on appellant's behalf. After investigation, the union withdrew this grievance as is indicated in a letter to appellant dated March 23, 1983, which reads in pertinent part as follows:
 
 
 4
 The M.C.O. Executive Council met and reviewed your grievance on your separation. After the review and lengthy discussion concerning the department's list of witnesses whose statements are in direct contradiction with yours, the Council has only one alternative and that is to withdraw your grievance.
 
 
 5
 On March 1, 1985, Nosike, acting pro se filed this, the second, action based on the incidents described above. The complaint in the instant case names the union, the union's arbitration board, the union's executive council, and two union officers as defendants. Appellant alleges violations of 42 U.S.C. Secs. 1983, 1985, and 2000-e et seq. (Title VII), and contains pendent state claims.
 
 
 6
 Two years prior to his filing of the instant case, appellant had filed a separate action against representatives of the Michigan Department of Corrections based on the same incidents which gave rise to the action here. In that case, appellant also alleged violations of sections 1983 and 1985, and Title VII. The district court granted the defendants' motions for involuntary dismissal of certain claims pursuant to Federal Rule of Civil Procedure 41(b) and for directed verdict on the remaining claims pursuant to Federal Rule of Civil Procedure 50. Subsequently, the district court entered judgment for the defendants in that case. This court has recently dismissed an appeal from that decision for lack of jurisdiction over the appeal which was untimely filed. Nosike v. Johnson, No. 87-1682 (6th Cir., Feb. 16, 1988) (unpublished order).
 
 
 7
 In the instant case, the district court granted appellees' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). In its order and judgment filed August 26, 1987, the district court held that appellant's section 1983 claim, which appellant had characterized in his complaint as a fourteenth amendment claim, fails because there is no question that appellees engaged in no state action.[1] The district court held that appellant's Title VII claim fails for failure to exhaust administrative remedies. Finally, the district court dismissed appellant's pendent state claims under United Mine Workers v. Gibbs, 383 U.S. 715 (1966).
 
 
 8
 This timely appeal followed. As a preliminary matter this court must decide whether we have subject matter jurisdiction over this appeal.
 
 II.
 
 9
 Ordinarily, an appeal to this court must be taken from a final decision within the meaning of 28 U.S.C. Sec. 1291, the largest grant of jurisdiction to the courts of appeals. Cf. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949) (which allows some appeals under section 1291 prior to a final judgment). Thus this court's jurisdiction "generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). For this reason, an order disposing of fewer than all parties or claims is nonappealable absent proper certification pursuant to Federal Rule of Civil Procedure 54(b). William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). This court has held, however, that a premature notice of appeal is effective to vest jurisdiction when the remaining elements of the case have been finally disposed of but no new notice of appeal has been filed. Gillis v. United States Dep't of Health & Human Servs., 759 F.2d 565, 569 (6th Cir.1985).
 
 
 10
 In Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981), the Supreme Court identified important purposes of this rule which is commonly called the final judgment rule:
 
 
 11
 It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of 'avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment.' The rule also serves the important purpose of promoting efficient judicial administration.
 
 
 12
 (Citations omitted). See also Stringfellow v. Concerned Neighbors in Action, 107 S.Ct. 1177, 1184 (1987).
 
 
 13
 In the instant case, the district court filed an order and judgment which dismissed appellant's claims brought pursuant to section 1983 and Title VII and appellant's pendent state claims. The district court, however, failed to dismiss appellant's section 1985 claim. Since this claim was not dismissed in the district court's August 26, 1987 order and judgment and no subsequent order of dismissal has been issued, it is still pending in that court. Thus, the district court's order and judgment has not ended the litigation on the merits in this case, and this court lacks subject matter jurisdiction over this appeal.
 
 
 14
 For the foregoing reasons, the appeal is DISMISSED and this case is REMANDED for further proceedings in which the district court shall address each claim brought by appellant separately.
 
 
 
 [1]
 Although in his appeal to this court appellant initially protested the district court's recharacterization of his fourteenth amendment claim, brief of appellant at p. 8, appellant has finally accepted the district court's characterization of this claim as one brought pursuant to section 1983. Reply brief of appellant at p. 3