920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandy NERONI, et al., Plaintiffs-Appellants Proposed Intervenors,
v.
Frank HUBBARD, Treasurer, City of Dearborn, Keith Archer,
Controller, City of Dearborn, Richard F. Cox;
City of Dearborn, Defendants/Cross
Claimants-Appellees,
Teamsters Local 214, State, County and Municipal Workers;
International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of
America, Defendants/Cross
Defendants-Appellees.
 No. 90-1748.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 The plaintiffs appeal the denial of their motion to intervene in a cross claim between the defendant municipality and the defendant union. The defendants now move to dismiss the plaintiffs' appeal on grounds that 1) it is from a nonappealable order, or, if the order is appealable, 2) the appeal has been rendered moot by subsequent district court action. The defendants also request double costs and attorneys' fees under Fed.R.App.P. 38 and 28 U.S.C. Sec. 1927. The plaintiffs respond in opposition to the motion to dismiss. They also move for sanctions for responding to the motion to dismiss under the same provisions. The defendants have filed a reply to the plaintiffs' response in opposition to the motion to dismiss, as well as a response to the plaintiffs' motion for costs. The plaintiffs have filed a reply.
 
 
 2
 The plaintiffs assert the denial of intervention is appealable as a collateral order. An order is immediately appealable as a collateral order if it 1) conclusively determines the disputed question; 2) resolves an important issue completely separate from the merits of the action, and 3) would be effectively unreviewable on appeal from final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). With respect to denial of intervention, a general rule has arisen that an order denying intervention as of right is appealable if it prevents a putative intervenor from becoming a party in any respect. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377 (1987). In this case the plaintiffs are already parties to the action, so the rationale for an immediate appeal is lacking. See Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375 (7th Cir.1985). Denial of the motion to intervene in the cross claim is reviewable in an appeal from final judgment.
 
 
 3
 Both parties have also moved for the imposition of double costs against the other. We conclude that neither party's conduct warrants double costs. See Boggild v. Kenner Products, 853 F.2d 465, 470 (6th Cir.1988).
 
 
 4
 It is therefore ORDERED that the motion to dismiss for lack of an appealable order is granted. The requests for double costs and attorneys' fees are denied. The parties' attention is directed to this court's decision in Cramer, et al. v. Matish, et al., Nos. 89-1885/2077 (6th Cir. November 2, 1990) (unpublished per curiam opinion).