March 29, 1993
United States Court of Appeals
for the First Circuit

No. 92-1939

ALAN SHAWN FEINSTEIN,

Plaintiff, Appellee,

v.

SPACE VENTURES, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Circuit Judge,

Bownes, Senior Circuit Judge,

and Stahl, Circuit Judge.

Elizabeth Colt with whom Jeffrey S. Michaelson and Michaelson and

Michaelson and Joel W. Mohrman and McGlinchey Stafford Lang were on

brief for appellant.
Mark B. Morse for appellee.

March 29, 1993

STAHL, Circuit Judge. In this appeal, defendant-

appellant Space Ventures, Inc. ("SVI" or "defendant")

challenges the entry of a preliminary injunction against it

and in favor of plaintiff-appellee Alan Shawn Feinstein

("Feinstein" or "plaintiff").1 Finding that the district

court erred in determining that plaintiff demonstrated a

likelihood of success on the merits of his claim, we vacate

and remand.

I.

BACKGROUND

On April 8, 1992, plaintiff, a marketer of

collectibles, initiated this litigation by filing a four

count complaint against defendant SVI, a manufacturer and

distributor of trading cards. Counts I and II asserted that

defendant had converted certain of plaintiff's goods and had

breached a duty of confidentiality owed to plaintiff. Counts

1. As an initial matter, we note that plaintiff challenges
our jurisdiction to hear this appeal. In so doing, he relies
upon authority indicating that an interlocutory order which
has the incidental effect of denying injunctive relief can
only be appealed under 28 U.S.C. 1292(a)(1) where the order
will have a "`serious, perhaps irreparable, consequence'" and
where it "can be `effectively challenged' only by an
immediate appeal." See Stringfellow v. Concerned Neighbors

in Action, 480 U.S. 370, 379 (1987) (quoting Carson v.

American Brands, Inc., 450 U.S. 79, 84 (1981)). Such

authority is inapposite here, however, where the order at
issue clearly and directly granted a preliminary injunction
after a hearing on plaintiff's request therefor.
Accordingly, because 28 U.S.C. 1292(a)(1) grants us
jurisdiction over "interlocutory orders of the district
courts . . . granting . . . injunctions," we find that we
have jurisdiction over this appeal.

-2-
2

III and IV stated that defendant had breached a contract

entered into by the parties on September 4, 1991. On April

28, 1992, plaintiff amended his complaint to include a fifth

count for unfair competition.2

The present appeal concerns only plaintiff's Count

II, which is entitled "Breach of Confidentiality." In

relevant part, Count II states:

8. On or about January 23, 1991, and
divers times thereafter, defendant held
goods consisting of a series of trading
cards known as the Moon-Mars cards. Said
cards had been purchased from defendant
by plaintiff and were being held in trust
for distribution by defendant; as a
bailee.

9. Defendant was obligated to ship the
Moon-Mars cards to plaintiff's customers
in accordance with the instructions of
plaintiff. . . .

15. While acting as a bailee, defendant
received confidential information from
plaintiff concerning plaintiff's
customers.

16. Defendant had a duty not to divulge
said information or use the information
for its own benefit.

17. Defendant indicated to plaintiff
that it has no intention of recognizing
its duty, and has caused plaintiff to
have reasonable grounds to believe that
defendant will breach its duty and shall
actively solicit plaintiff's customers. .
. . Defendant's principal officer has,
in subsequent conversations to plaintiff,

2. Defendant subsequently counterclaimed for breach of
contract.

-3-
3

orally evidenced his intent to solicit
plaintiff's customers.

18. Plaintiff will be irreparably harmed
if defendant solicits his customers in
that the confidentiality of his customer
list will be permanently and
irretrievably impaired.

19. As a further result, plaintiff will
sustain an irreparable loss to his
business reputation for which there is no
adequate remedy at law.

Count II concludes with a request for damages and a

preliminary and permanent injunction directing defendant (1)

to refrain from soliciting plaintiff's customers, (2) to

refrain from using plaintiff's customer list, (3) to refrain

from selling or distributing plaintiff's customer list, (4)

to return plaintiff's customer list, and (5) to provide an

account of plaintiff's customers solicited by defendant.

On July 2, 1992, the district court held a hearing

on the injunctive relief requested in plaintiff's Count II.

At this hearing, plaintiff proceeded as if the duty of

confidentiality referenced in Count II was contract-based.

More specifically, plaintiff testified that defendant was

about to breach an oral agreement between the parties that

defendant would not use plaintiff's customer list and would

keep the list confidential.3 Although it is not entirely

3. During the course of the hearing, plaintiff also
introduced affidavits from Beverly S. Vale and Edward P.
Walton tending to support plaintiff's claim that he and
defendant had an oral agreement, and that the duty at issue
in Count II arose from this agreement.

-4-
4

clear, it seems that the district court also operated under

this assumption. In the portion of its ruling which comes

closest to addressing (1) whether defendant had a duty not to

use the list and to keep the list confidential and (2) how

any such duty arose, the district court stated:

[T]he uncontradicted evidence
primarily in the form of testimony from
Mr. Feinstein was that the[re] were
discussions between him and Mr. White
[President of SVI] relating to the
confidentiality of these lists and he
entered into [the contract under which
plaintiff had provided defendant with his
customer list] with the express
understanding that these lists would be
held in confidence and he received
assurances to that [e]ffect from Mr.
White.
So based on all those things, it's
not difficult at all for the Court to
determine that . . . Mr. Feinstein has a
very good chance of succeeding in proving
that the list is his property, that it
was confidential and that the [d]efendant
has no right to use it.4

The district court also found that plaintiff would suffer

immediate and irreparable harm if the injunction were not

granted, that such harm outweighed any harm to defendant, and

that the public interest would not be adversely affected by

providing plaintiff with the relief requested. See id.

Therefore, the district court entered an injunction

4. The district court made these findings in the course of
considering, as it must before issuing a preliminary
injunction, whether plaintiff was likely to succeed on the
merits of his claim. See, e.g., Narragansett Indian Tribe v.

Guilbert, 934 F.2d 4, 5 (1st Cir. 1991).

-5-
5

forbidding defendant from using plaintiff's customer list.

This appeal followed.

II.

DISCUSSION

On appeal, defendant argues, inter alia, that the

district court erred in ruling that plaintiff had

demonstrated a likelihood of success on the merits of his

Count II claim. After carefully reviewing the record, we are

constrained to agree.

It is settled that "`we scrutinize a district

court's decision to grant or deny a preliminary injunction

under a relatively deferential glass.'" Id. (quoting

Independent Oil & Chem. Workers of Quincy, Inc. v. Procter &

Gamble Mfg. Co., 864 F.2d 927, 929 (1st Cir. 1988)). Thus,

unless the district court has made a mistake of law or abused

its discretion, we will not disturb its ruling. See id.

However, "`[a]pplication of an improper legal standard in

determining the likelihood of success on the merits or

misapplication of the law to particular facts is an abuse of

discretion.'" In re Rare Coin Galleries of America, Inc.,

862 F.2d 896, 900 (1st Cir. 1988) (quoting Planned Parenthood

League v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981)).

In this instance, the district court applied an

improper legal standard in determining that plaintiff had

demonstrated a likelihood of success on the merits of his

-6-
6

breach of confidentiality claim. The record indicates that

the district court assumed that plaintiff's Count II claim

was based upon an oral contract between plaintiff and

defendant. The problem with this, though, is that Count II

does not sound in contract.5 As we read it, Count II

attempts to set forth a claim for breach of a common law duty

not to divulge or use "confidential" information.6 Thus,

the district court's ruling that plaintiff is likely to

succeed on his Count II claim, made as it was without

reference to common law confidentiality principles, was an

abuse of its discretion. Accordingly, the court's entry of

the preliminary injunction in favor of plaintiff, which is

anchored upon this faulty ruling, must be set aside.7

III.

CONCLUSION
CONCLUSION

For the reasons stated above, the preliminary

injunction entered in favor of plaintiff on his breach of

5. Nothing in Count II even remotely suggests that the duty
of confidentiality arises from an explicit contractual
provision.

6. In so stating, we do not decide whether Count II, in its
current incarnation, is sufficient to state such a claim.

7. Because we find that the district court abused its
discretion in determining that plaintiff was likely to
succeed on the merits of his breach of confidentiality claim,
we vacate and remand without considering defendants' other
challenges to the district court's injunction order.

-7-
7

confidentiality claim is vacated.8 This action is remanded

to the district court for further proceedings consistent with

this opinion.

Vacated and remanded.

8. Of course, defendant should in no way construe our
dissolution of the injunction as an endorsement of its
argument that it is entitled to use plaintiff's customer
list.

-8-
8