**CENTER FOR BIOLOGICAL DIVERSITY; Environmental Protection Information Center; Coyote Downey, Plaintiffs—Appellees,**

v.

**Roberto DELGADO, District Ranger, Mad River Ranger District; Lou Woltering, Supervisor, Six Rivers National Forest; Ann Veneman, Secretary of Agriculture; U.S. Forest Service, Defendants,**

**Brown Investment, Applicant–In–Intervention–Appellant.**

No. 02–15865.

D.C. No. CV–01–4835 PJH.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2003.*

Decided April 4, 2003.

Before GOODWIN, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM**

Brown Investment ("Brown") appeals the district court's denial of its motion to intervene as of right under Fed.R.Civ.P. 24(a)(2) in an action brought by several environmental groups against the United States Forest Service, challenging the Forest Service's actions related to the North Fork of the Eel River, located in California's Six Rivers National Forest. We dismiss for lack of appellate jurisdiction.

An order denying a motion to intervene as of right is appealable only if the order prevents the potential intervenor from becoming a party in any respect. *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 375–76, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987). In this case, the district court denied intervention at the liability phase but stated that "[w]ith regard to Brown's right to intervene in the remedial phase of the case, the court denies the motion, but *will grant Brown leave to revisit the issue.*" In *Churchill County v. Babbitt,* 150 F.3d 1072, 1082, *amended by* 158 F.3d 491 (9th Cir.1998), we held that a party can obtain effective review of its claims even if the party is permitted to intervene at the remedy phase only. The order in this case denies intervention at the liability phase, but leaves open the possibility of intervention at the remedial phase. Because Brown still has an oppor-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

tunity to become a party to the suit prior to a final judgment on the merits, assuming that liability is established thus affecting Brown's interests, the order does not prevent Brown from becoming a party in any respect. We therefore do not have jurisdiction under the collateral order exception to 28 U.S.C. § 1291. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

**DISMISSED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.