**BROADCOM CORPORATION,**
Plaintiff–Appellee,

v.

**QUALCOMM INCORPORATED,**
Defendant–Appellant.

**Broadcom Corporation,**
Plaintiff–Appellee,

v.

**Sprint Nextel Corporation,**
Movant–Appellant.

Nos. 2008–1199, 2008–1200.

United States Court of Appeals,
Federal Circuit.

March 18, 2008.

Before LINN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

ON MOTION

PROST, Circuit Judge.

*ORDER*

Broadcom Corporation moves to dismiss Sprint Nextel Corporation's appeal, 2008–1200. Sprint Nextel opposes. Sprint Nextel moves (1) for leave to intervene in 2008–1199, the appeal filed by Qualcomm Incorporated, and (2) for a stay, pending appeal, of the district court's injunction. Broadcom opposes.

Broadcom sued Qualcomm for infringement of three patents. The jury found infringement of the three patents. Sprint Nextel moved for leave to intervene in the district court. On August 10, 2007, the district court denied the motion, inter alia, as late. Sprint Nextel did not timely appeal that order. Subsequently, the district court entered a permanent injunction. Qualcomm appealed the injunction. On February 7, 2008, Sprint Nextel filed a notice of appeal, seeking review of the August 10 order denying its motion for leave to intervene.

■ We agree with Broadcom that Sprint Nextel's appeal should be dismissed. To challenge the district court's August 10, 2007 order denying Sprint Nextel's motion for leave to intervene, Sprint Nextel should have filed a notice of appeal within 30 days of the district court's order. *Stringfellow v. Concerned Neighbors In Action*, 480 U.S. 370, 377, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987) (an order denying a motion for leave to intervene is subject to immediate review). Thus, to the extent Sprint Nextel seeks to challenge that order, its appeal is untimely.

■ Sprint Nextel argues that Fed. R.App. P. 4(a)(3) and various cases would support jurisdiction over Sprint Nextel's appeal. This authority might likely provide this court with jurisdiction to review an appeal of a district court's injunction, even if the appellant was not a litigant in the district court, when the injunction adversely affected that appellant. However, Sprint Nextel did not appeal the injunction and expressly limited its notice of appeal to the order denying its motion for leave to intervene. *See* Fed. R.App. P. 3(c)(1)(B) (the notice of appeal must "designate the judgment, order, or part thereof being appealed"). Thus, the authority cited by Sprint Nextel does not give this court jurisdiction to review the injunction or consider its motion to stay an order that it did not appeal.

■ For similar reasons, Sprint Nextel has not shown that it should be permitted to intervene at this stage of the litigation. Permitting it to intervene at this stage would essentially reward its failure to timely challenge the district court's order that denied its motion for leave to intervene.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss 2008–1200 is granted. The revised official captions are reflected above.

(2) Each side shall bear its own costs in 2008–1200.

(3) Sprint Nextel's motion for leave to intervene in 2008–1199 is denied.

(4) Sprint's other pending motions are denied as moot.