NORTHROP GRUMMAN CORPORATION, Plaintiff,

CLASS PLAINTIFFS, in Posner v. TRW, Inc., Case number 1:02–CV–00418, Movants–Appellants,

v.

TRW, INC.; Betty D. Montgomery; Gary C. Suhadolnik, Defendants–Appellees.

No. 02–3500.

United States Court of Appeals, Sixth Circuit.

July 1, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

## ORDER

This litigation arises from the efforts of Northrop Grumman Corporation to obtain the stock of TRW, Inc. There are two actions pending in the district court. In the first, *Northrop Grumman Corp. v. TRW, Inc.*, 1:02–00400 (N.D.Ohio), Northrop sought a preliminary injunction against the application of Ohio's Control Share Acquisition Act, Ohio Revised Code § 1701.831, and Merger Moratorium Act, Ohio Revised Code § 1704.01, *et seq.* In the second action, *Posner v. TRW, Inc.*, Case No. 1:02–CV–00418 (N.D.Ohio), shareholders of TRW assert that TRW's board of directors and officers breached fiduciary duties in resisting Northrop's efforts.

The *Posner* plaintiffs filed a motion in the *Northrop* case for leave to file an amicus brief in support of Northrop's motion for injunctive relief. The district court denied both Northrop's motion for an injunction and the *Posner* plaintiffs' motion for leave to file an amicus brief. Northrop appealed the denial of the injunction, and that appeal is pending in this court as No. 02–3446. The *Posner* plain-tiffs have appealed the denial of their motion for leave to file the amicus brief, resulting in the instant appeal. In a prior order, the *Posner* appellants were requested to address this court's appellate jurisdiction. Their response is now before the court.

This court has appellate jurisdiction in appeals from final orders and decisions of the district court. 28 U.S.C. § 1291. As the *Posner* appellants have noted, an order may be immediately appealable as a collateral order if it determines a right "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

The appellants argue that the district court's denial of their motion for leave to file an amicus brief is an appealable *Cohen* order because it had the same practical effect as the denial of a motion to intervene under Fed.R.Civ.P. 24. The denial of a motion under Rule 24(a) to intervene as of right may be appealed as a collateral matter. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987). In the instant case, however, the appellants did not seek intervention but simply permission to file an amicus brief. The denial of such a request is not the equivalent of a denial of participation as a party in the case. Although an amicus and an intervenor could have some characteristics in common, the two are not interchangeable statuses. *See, e.g., United States v. Michigan*, 940 F.2d 143, 164–66 (6th Cir.1991) (curtailing a party granted "litigating amicus status" to the traditional role of an amicus). Nor do we believe that the denial of leave to file a brief as an amicus presents a question "too

important to be denied review." If the *Posner* plaintiffs wish to seek intervention as parties in the *Northrop* case, they must make a motion for such relief.

Accordingly, this appeal hereby is **DISMISSED** for lack of an appealable order.