United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 8, 2007**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the F ifth Circuit

———————

m 05-31137

———————

MARTHA AMIE, ET AL.,

Plaintiffs

MARTHA AMIE; JACQUELINE BLANK; ELEANOR BEAL, KALANIE
BOURQUE, ALSO KNOWN AS KALANIE BOURQUE-NEWMAN; JOLYNNE
DEAVILLE, ALSO KNOWN AS JOLYNNE DEVILLE-CARTER; DEBORAH
ROBBINS; PRISCILLA WISE,

Plaintiffs-Appellees,

VERSUS

CITY OF JENNINGS, ETC., ET AL,

Defendant

CITY OF JENNINGS, AS THE MUNICIPALITY RESPONSIBLE FOR THE
SUPERVISION OF THE JENNINGS POLICE DEPARTMENT AND THE
EMPLOYER OF ALL THE LISTED INDIVIDUALS,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Western District of Louisiana
m 2:03-CV-2011

———————————————

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eight female employees of the City of Jennings Police Department sued the city and seven other individual, alleging sexual harassment resulting from an alleged hostile work environment.[1] After one employee voluntarily settled her claim, the city moved to sever the claims or for separate trials of each of the individual plaintiff's claims, arguing that the claim of each plaintiff is separate and distinct in its alleged facts, periods of time, alleged harassers, and nature of harassment. The motion was denied, and this appeal followed.

"[O]rders granting or denying joinder are not final. The same rule follows as to orders having similar effects."[2] Although ordinarily our appellate jurisdiction is limited under 28 U.S.C. § 1291 to reviewing final judgments, in a limited class of cases interlocutory judgments can be reviewed under the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Courts have consistently applied this doctrine "stringently to assure that it does not swallow the general rule."[3].

One of the necessary elements to appeal under the collateral order doctrine is that an order "effectively would be unreviewable on appeal from a final judgment."[4] We have noted in the past that orders allowing joinder are effectively reviewable on appeal after final judgment,[5] and the great weight of authority from other circuits supports this conclusion.[6]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] As of this appeal, all defendants other than the city have been dismissed.

[2] 15B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3914.18, at 38-39 (2d ed. 1987) (citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 290-91 & n.4 (1940); *Demelo v. Woolsey Marine Indus.*, 677 F.2d 1030, 1035 n.12 (5th Cir. 1982)).

[3] 19 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 202.07[1], at 202-30 (Matthew Bender 3d ed. 2006) (citing *Will v. Hallock*, 126 S. Ct. 952 (2006)).

[4] *In Re Rupp & Bowman Co.*, 109 F.3d 237, 240 (5th Cir. 1997). *See also Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1949) ("[A] party seeking appeal must show that all three requirements are satisfied . . . .").

[5] *See Doleac v. Michalson*, 264 F.3d 470, 477-93 (5th Cir. 2001).

[6] *See Michelson v. Citicorp Nat. Servs., Inc.*, 138 F.3d 508, 512 (3d Cir. 1998) (stating that "although an order refusing or permitting the filing of an amended complaint joining an additional party is a discretionary action by the trial court and subject to appellate review as part of an ultimate final judgment, the order itself is not appealable in isolation.") (citing *Fowler v. Merry*, 468 F.2d 242, 243 (10th Cir. 1972); *Garber v. Randall*, 477 F.2d 711, 715 (2d Cir. 1973) ("An order granting or denying consolidation, or granting or denying separate trials, is an ordinary, nonappealable interlocutory order. Severance orders are the same. Such orders are appealable only by certification and permission under 28 U.S.C. § 1292(b).") (citing 9 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 10.13[8], at 183 (2d ed. 1972)); *Metalock Repair Serv. v. Harman* 216 F.2d 611, 611-12 (6th Cir. 1954). *Cf. Stringfellow*, 480 U.S. at 375 (holding that

(continued...)

Moreover, the city has pointed to no factors that render this case different from any other multiple plaintiff employment law action.[7]

Because in this instance the order appealed from is not final, and the collateral order doctrine does not apply to an interlocutory order denying severance of claims or separate trials, we lack jurisdiction, so the appeal is DISMISSED.

---

[6](...continued)
permissive intervenor could not appeal denial of and application to intervene as of right and the restrictions imposed on permissive intervention, because "it can obtain effective review of its claims on appeal from the final judgment").

[7] *Cf. Garber*, 477 F.2d at 715-16 (relying on unique considerations involving "the very area now before us, consolidation of stockholders' derivative and class suits," to allow immediate appeal of an order consolidating multiple plaintiffs' actions in a single suit).