IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2007

Charles R. Fulbruge III
Clerk

No. 06-20873
(Summary Calendar)

GUARDIAN AD LITEM, also known as KIM BALLEW

Plaintiff–Appellee

v.

LOGISTICS PARTNERS INC; ET AL

Defendants

U LAWRENCE BOZE

Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:97-CV-2894

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant U. Lawrence Bozé appeals the district court's denial of his Motion to Sever Orders for Attorney's Fees Disgorgement. Appellant argues that this Court has jurisdiction over this appeal under the collateral order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

doctrine. Because we find that the collateral order doctrine does not apply, we dismiss Appellant's appeal for want of appellate jurisdiction.

I. BACKGROUND

This case arises out of a series of chemical fires occurring at a chemical warehouse located near Pleasantville, Texas. Thousands of plaintiffs emerged and brought causes of action for various personal injuries and property damage. The underlying case resulted from the consolidation of these claims. Appellant Bozé and the firm of Gary, Williams, Parenti, Finney, Lewis, McManus,Watson & Sperando (the "Gary Law Firm")[1] are the attorneys for the Pleasantville Plaintiffs, including 565 minor Plaintiffs. The district court appointed Appellee Kim A. Ballew to serve as Guardian Ad Litem for all minor Plaintiffs.

All Plaintiffs ultimately reached a settlement with the Defendants. The district court, however, has yet to enter a final judgment approving all issues relating to the settlements of the minor Plaintiffs.

On January 28, 2003, the district court held a hearing regarding, in part, the amounts of attorney's fees and costs that were to be paid from the Pleasantville minor Plaintiffs' settlement proceeds. Despite seeking substantial fees in excess of $1,000,000, the district court entered an order awarding Appellant and the Gary Law Firm a nominal amount of attorney's fees for their representation of the minors. Appellant and the Gary Law Firm appealed this order–along with the denial of their motion for reconsideration and several other orders disbursing funds from the Pleasantville minor Plaintiffs' settlement proceeds–to this Court,[2] which found want of appellate jurisdiction because the orders appealed from were "interlocutory and unappealable rulings."

---

[1] The Gary Law Firm is not a party to this appeal.

[2] These orders that were the subject of the first appeal to this Court are referred to collectively as the "2003 orders."

Pleasantville Civic League of Houston, Tex. v. Guardian Ad Litem, 86 Fed. Appx. 743 (5th Cir. 2004).

Thereafter, on February 13, 2006, Appellant filed its Motion to Sever Orders for Attorney's Fees Disgorgement with the district court, seeking to make the orders concerning attorney's fees disgorgement final, appealable judgments. On February 24, 2006, the district court denied this motion. Appellant now appeals the denial of its motion, two 2006 orders disbursing funds, and all the 2003 orders that Appellant previously appealed to this Court.

## II. DISCUSSION

Appellant concedes that the orders appealed from are not final, but contends that appellate jurisdiction is proper pursuant to the collateral order doctrine, which allows "appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545 (1949). To come within the collateral order exception, an order must satisfy three conditions: (1) it must "conclusively determine the disputed question"; (2) it must "resolve an important issue completely separate from the merits of the action"; and (3) it must "be effectively unreviewable on appeal from a final judgment." In re Lieb, 915 F.2d 180, 184 (5th Cir. 1990) (internal quotations omitted). Appealable collateral orders are limited to a "small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen, 337 U.S. at 546. Only serious and unsettled questions come within the collateral order doctrine. Baldridge v. SBC Commc'ns, Inc., 404 F.3d 930, 931 (5th Cir. 2005).

With respect to the order denying Appellant's motion for severance, this Court has found that "the collateral order doctrine does not apply to an interlocutory order denying severance of claims or separate trials." Aime v. City

of Jennings, 217 Fed. Appx. 338, 339 (5th Cir. 2007); see also In re Lieb, 915 F.2d at 185 (finding that severance orders are analogous to orders under Federal Rule of Civil Procedure 42(b), which are "interlocutory and non-appealable before final judgment"). Appellant does not adequately explain how denial of a motion for severance constitutes "an important issue" or why it is "effectively unreviewable on appeal from a final judgment."[3] In re Lieb, 915 F.2d at 184 (internal quotations omitted).

With respect to the 2003 orders, this Court has already determined that these orders are "interlocutory and unappealable rulings." Pleasantville Civic League of Houston, Tex. v. Guardian Ad Litem, 86 Fed. Appx. 743 (5th Cir. 2004). We will not re-examine this determination. See Fuhrman v. Dretke, 442 F.3d 893, 896 (5th Cir. 2006) ("The law of the case doctrine provides that an issue of law or fact decided on appeal may not be reexamined . . . by the appellate court on a subsequent appeal.") (internal quotations omitted).

With respect to the two 2006 orders disbursing funds, Appellant has wholly failed to explain how these orders come within the collateral order doctrine. Furthermore, these 2006 orders authorize the same types of disbursements as many of the 2003 orders that this Court previously found unappealable prior to a final judgment.

---

[3] In its brief, Appellant summarily states that "[i]f the Appellant is not allowed to presently appeal the order denying severance, there quite possibly will be no funds left in the registry of the district court with which to pay the Appellant if and when a final judgment is entered and if it is subsequently found that the Appellant is entitled to his attorney's fees." Such a conclusory statement is insufficient, however, because Appellant must both "allege[] and prove[]" that the fees would be "unrecoverable" if appeal must await a final judgment. See Shipes v. Trinity Indus., Inc., 883 F.2d 339, 344 (5th Cir. 1989). It is undisputed that funds are being held in a qualified settlement fund escrow account, and such funds cannot be disbursed from that account without court order. Even if the district court does disburse all such funds before a final judgment, Appellant offers no evidence that any funds, if paid, would be unrecoverable from the payees.

Thus, none of the interlocutory orders Appellant seeks to appeal fall within the collateral order doctrine. Accordingly, these orders are unappealable at this time.

This is the second time Appellant has improperly attempted to appeal interlocutory orders. Counsel for Appellant is cautioned against filing further interlocutory appeals regarding the disgorgement of Appellant's attorney's fees and warned that such further filing may result in sanctions. This Court will consider Appellant's contentions on appeal from a final judgment–but not before then.

DISMISSED for want of jurisdiction; SANCTIONS WARNING ISSUED.