**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHINA ENERGY CORPORATION, | No. 14-16770 |
| Plaintiff-Appellee, | D.C. No. 3:13-cv-00562-MMD-VPC |
| v. | |
| MICHAEL SAMMONS, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| ELENA SAMMONS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted November 16, 2016**

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

Michael Sammons appeals pro se from the district court's order denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to intervene on behalf of his wife in plaintiff China Energy Corporation's diversity action alleging an improper exercise of dissenters' rights. We dismiss.

We lack jurisdiction over this interlocutory appeal because the order challenged is not final or appealable. *See* 28 U.S.C. § 1291; *Stringfellow v. Concerned Neighbors In Action*, 480 U.S. 370, 375, 378-79 (1987) (a challenge to a court's order limiting the scope of a party's participation in the litigation is a collateral order that generally can be appealed only after a final judgment on the merits); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 113 (2009) ("[T]he class of collaterally appealable orders must remain narrow and selective in its membership." (citation and internal quotation marks omitted)). Accordingly, we dismiss this appeal for lack of jurisdiction.

Sammons's motions to submit the case on the briefs, filed on November 4 and 5, 2014, are denied as moot.

On March 25, 2016, this court informed appellee that a corporation must be represented by counsel and ordered new counsel to file a notice of appearance with the court. The order warned appellee that failure to comply would result in the striking of the previously filed answering brief and submission of the appeal on the opening brief. To date, appellee has not complied with the court's order.

Accordingly, the Clerk shall strike the answering brief at Docket Entry No. 10.

**DISMISSED.**