**John DOE, et al., Plaintiffs–Appellees,**

v.

**UNITED STATES, Defendant–Appellee,**

v.

**Francis T. Mandanici, Movant–Appellant.**

**No. 02–5045.**

United States Court of Appeals, Federal Circuit.

Aug. 7, 2002.

Before NEWMAN, MICHEL, and CLEVENGER, Circuit Judges.

PER CURIAM.

Francis T. Mandanici appeals from an order of the Court of Federal Claims denying his motion to intervene for failure to satisfy the requirements of the Rules of the Court of Federal Claims. As this denial is not an abuse of discretion, we *affirm*.

I

Plaintiffs-appellees in this case are a class of former and current Department of Justice (DOJ) attorneys who have initiated a class action lawsuit seeking overtime pay pursuant to the Federal Employees Pay Act (FEPA). Filed November 28, 1998, the complaint alleges that the DOJ expects and requires the plaintiffs to work in excess of forty hours a week, and that the defendant has unlawfully maintained multiple sets of records to mask wage underpayment. The plaintiffs further allege that the DOJ has repeatedly informed them that they are not eligible for overtime pay. The government denies these allegations, asserting that the extra hours claimed were not ordered or approved by an authorized official and are therefore not compensable under FEPA.

The Court of Federal Claims certified the case as an opt-in class action on August 27, 1999. Thirty of the named class representatives are proceeding as John and Jane Does, citing concerns regarding possible retaliation by their employer, the defendant United States. The parties have litigated the right of plaintiff class members to proceed anonymously. On several occasions, the Court of Federal Claims has ruled on this issue, declining to issue a blanket requirement that the plaintiffs' identities be disclosed. Similar concerns are evident in the class notice, which includes explicit language informing poten-

tial class members that their names will not be provided to the Department of Justice absent a court finding of demonstrable need.

Mr. Mandanici, appearing *pro se*, filed a "Motion to Intervene For Purpose Of Seeking To Unseal And To Make Public The Names Of All Class Members And Plaintiffs," on November 7, 2001, more than 18 months after the close of discovery, and more than 10 months after the completion of briefing on summary judgment. Mr. Mandanici alleges a First Amendment and common law right of access to court documents, particularly here, where allegations are made that the DOJ has a routine policy of subverting the law.

The Court of Federal Claims denied both Mr. Mandanici's motion to intervene as well as his motion for reconsideration, finding that he had not addressed the relevant requirements of the Rules of the United States Court of Federal Claims (R.C.F.C.) governing intervention. In particular, the court noted that Mr. Mandanici failed to address or satisfy the requirements for intervention either by right or by permission.

## II

■ As a preliminary matter, "when an order prevents a putative intervenor from becoming a party in *any* respect, the order is subject to immediate review." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987). Consequently, although there has been no final decision on the merits of the underlying class action, our review of the denial of Mr. Mandanici's motion is proper under 28 U.S.C. § 1295(a)(3).

## III

The Court of Federal Claims, in denying Mr. Mandancini's motion to intervene, found that "it is not entirely clear what the purpose or intent of Mr. Mandancini's motion to intervene might be, but in any event, he does not address the requirements of Rule 24 in the process." As with the analogous Rule of Federal Procedure, Rule 24 of the R.C.F.C. requires, in part, that the application to intervene be timely. R.C.F.C. 24; *see also NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).

We review a denial of a motion to intervene for untimeliness under an abuse of discretion standard. *Id.; see also Belton Indus., Inc. v. United States*, 6 F.3d 756, 760 (Fed.Cir.1993) (applying the abuse of discretion standard to timeliness determinations of the Court of International Trade).

Under *Belton*, an intervenor's timeliness is evaluated in light of three factors:

(1) the length of time during which the would-be intervenor[s] actually knew or reasonably should have known of [their] rights . . . ;

(2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor[s] by denying intervention.

(3) existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id.* at 762 (alterations in original, quoting *Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co.*, 69 C.C.P.A. 75, 669 F.2d 703, 707 (CCPA 1982). This standard has since been applied by the Court of Federal Claims. *Freeman v. U.S.*, 50 Fed. Cl. 305, 308 (2001).

■ Mr. Mandanici argues that his motion to intervene should not be subject to the ordinary considerations of timeliness, as he is not seeking to enter as a party,

but merely "as a member of the public to intervene in order to 'serve as a check upon the judicial process—an essential component in our structure of self government.'" (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982). This argument would carve out a sweeping exception to the requirement of timeliness, one that we cannot accept.

■ Mr. Mandanici's submissions to the Court of Federal Claims do not address the timeliness requirements for intervention under R.C.F.C. 24. Pursuant to our deferential review, this might alone suffice as grounds for the decision to deny his motion. However, we also note that the record contains evidence of an article from the *New York Times* reporting in detail on the underlying class action lawsuit and dated August 24, 1999—over two years prior to Mr. Mandanici's filing of his motion. Further, allowing intervention in this case to a party with the self-avowed interest of unsealing and making public the names of the plaintiffs, adverse to the DOJ and currently employed by it, creates substantial prejudice to the existing parties in this case. In contrast, denying Mr. Mandanici the ability to pursue his generalized interest in checking the judicial process through intervention presents a much more limited form of prejudice. Lastly, we discern no unusual circumstances in this case militating in favor of a determination that Mr. Mandanici's application is timely. Thus, even under the analysis set forth in *Belton*, the decision of the Court of Federal Claims to deny Mr. Mandanici's motion to intervene is not an abuse of discretion.

Finally, the government urges us to conclude that Mr. Mandanici lacks standing to pursue this appeal. Even assuming *arguendo* that Mr. Mandanici possesses standing, the court's decision to dismiss was not improper.

For the above reasons, we affirm.