NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FAIRHOLME FUNDS, INC., THE FAIRHOLME FUND, ACADIA INSURANCE COMPANY, ADMIRAL INDEMNITY COMPANY, ADMIRAL INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKLEY REGIONAL INSURANCE COMPANY, CAROLINA CASUALTY INSURANCE COMPANY, CONTINENTAL WESTERN INSURANCE COMPANY, MIDWEST EMPLOYERS CASUALTY INSURANCE COMPANY, NAUTILUS INSURANCE COMPANY, PREFERRED EMPLOYERS INSURANCE COMPANY,**
*Plaintiffs-Appellees*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

**v.**

**MICHAEL SAMMONS,**
*Movant-Appellant*

---

2017-1015

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00465-MMS, Judge Margaret M. Sweeney.

————————————

Decided: March 14, 2017

————————————

CHARLES J. COOPER, Cooper & Kirk, PLLC, Washington, DC, for plaintiffs-appellees. Also represented by BRIAN W. BARNES, HOWARD C. NIELSON, JR., PETER A. PATTERSON, DAVID THOMPSON.

KENNETH DINTZER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR.

MICHAEL SAMMONS, San Antonio, TX, pro se.

————————————

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

In 2013, preferred-stock shareholders of the Federal National Mortgage Association (Fannie Mae) and Federal Home Loan Mortgage Corporation (Freddie Mac) sued the United States in the Court of Federal Claims, alleging that certain actions taken by the United States involving the two entities constituted takings without just compensation in violation of the Fifth Amendment. More than three years later, Michael Sammons moved to intervene in the shareholders' action, as of right, for the limited purpose of arguing that the Court of Federal Claims lacks jurisdiction over the plaintiffs' Fifth Amendment claim. The Court of Federal Claims denied Mr. Sammons's motion, determining, among other things, that he can protect his interest through his independent litigation

and that the motion was untimely. Finding no error in those determinations, we affirm.

I

We have described much of the background of this appeal in our recent non-precedential decision in *In re United States*, No. 2017-1122, 2017 WL 406243 (Fed. Cir. Jan. 30, 2017). In July 2008, Congress created the Federal Housing Finance Agency (FHFA) and authorized it to place Fannie Mae and Freddie Mac into conservatorship. *See* 12 U.S.C. §§ 4617(b)(2)(A), 4617(b)(2)(B)(i). Congress also authorized the Department of the Treasury to purchase obligations and securities issued by Fannie Mae and Freddie Mac. *See* 12 U.S.C. § 1445(1)(1)(A). In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorship, and FHFA, as conservator, entered into certain agreements with Treasury. Under the agreements, Treasury committed to provide up to $100 billion to each of Fannie Mae and Freddie Mac, and in return, Treasury received $1 billion in senior preferred stock from each company, a 10% dividend on the amount that was invested, and a warrant to purchase 79.9% of the companies' common stock. In 2012, FHFA and Treasury amended the purchase agreements to replace Treasury's 10% dividend entitlement with an entitlement to 100% of Fannie Mae and Freddie Mac's profits.

In 2013, Fairholme Funds, Inc., and other owners of Fannie Mae and Freddie Mac preferred stock sued the United States in the Court of Federal Claims, alleging that the 2012 amendment of the purchase agreements constituted a Fifth Amendment taking of private property without just compensation. *See* Complaint, *Fairholme Funds, Inc. v. United States*, No. 13-465C (Fed. Cl. July 9, 2013), ECF No. 1. Since then, the government has moved to dismiss the action for lack of subject-matter jurisdiction and failure to state a claim. Motion to Dismiss, *Fairholme Funds*, No. 13-465C (Fed. Cl. Dec. 9, 2013), ECF

No. 20. The parties have conducted discovery related to the court's jurisdiction and the merits of the case. *See In re United States*, No. 2017-1122.

On September 16, 2016, Mr. Sammons filed, and on September 30, 2016, he was authorized to file, a motion to intervene as of right in the action under Court of Federal Claims Rule 24(a). He alleged that, like the plaintiffs, he owns Fannie Mae and Freddie Mac preferred stock. He stated that the purpose of his intervention was to challenge the Court of Federal Claims' jurisdiction to hear the asserted Fifth Amendment claim. He argued that, because the Court of Federal Claims is an Article I court, not an Article III court, it is barred from hearing the constitutional claim. Although 28 U.S.C. § 1491 authorizes the Court of Federal Claims to hear takings claims, Mr. Sammons contended that the Constitution prohibits that result. *See* Motion to Intervene, *Fairholme Funds*, No. 13-465C (Fed. Cl. Sept. 16, 2016), ECF No. 337.

The Court of Federal Claims denied intervention on September 30, 2016. Order, *Fairholme Funds*, No. 13-465C (Fed. Cl. Sept. 30, 2016), ECF No. 338 ("Order"). The court stated the statutory basis for its jurisdiction over takings claims and cited numerous cases recognizing that jurisdiction, at least as a statutory matter. But it did not analyze Mr. Sammons's constitutional contention, which invoked *Stern v. Marshall*, 564 U.S. 462 (2011), and other decisions, that only an Article III court may hear takings claims. Order 2–5. The court then concluded that Mr. Sammons had not met Rule 24(a)'s requirements for intervention. Among other things, the court reasoned that Mr. Sammons had failed to establish that the denial of his motion would impair his ability to protect his own interests, because he could file his own suit on his takings claim. *Id.* at 8. The court also determined that Mr. Sammons's motion was untimely. The court explained that more than three years had passed since Mr. Sammons was aware, or should have been aware, of his rights;

that the existing parties would be more prejudiced if the motion were granted than Mr. Sammons would be prejudiced if the motion were denied; and that there were no unusual circumstances favoring the granting of the motion. *Id.* at 8–9.

Mr. Sammons appeals. The shareholders and the government—who neither briefed the issue in the Court of Federal Claims nor challenged that court's jurisdiction on Mr. Sammons's constitutional grounds, *see* Order 1–2 n.2—defend the denial of intervention as of right. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

Rule 24(a) provides, in relevant part: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." R. Ct. Fed. Cl. 24(a)(2). Under intervention rules materially identical to the Court of Federal Claims rule, the denial of a motion to intervene for untimeliness is reviewed for abuse of discretion. *See NAACP v. New York*, 413 U.S. 345, 365 (1973); *Belton Indus., Inc. v. United States*, 6 F.3d 756, 760 (Fed. Cir. 1993). In a nonprecedential decision, we have followed the same approach for the Court of Federal Claims. *Doe v. United States*, 44 F. App'x 499, 501 (Fed. Cir. 2002). We have not decided which standard of review applies to the denial of a motion to intervene on other grounds. *See Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fisherman's Ass'ns*, 695 F.3d 1310, 1314 (Fed. Cir. 2012). In this case, the standard does not affect our decision.

Here, denial of intervention would not "as a practical matter impair or impede [Mr. Sammons's] ability to protect his interest." R. Ct. Fed. Cl. 24(a)(2). Mr. Sam-

mons, if denied intervention, would not be bound as a party to any result reached in the present case. He is also free to file his own action asserting his own takings claim as a basis for his own relief. And in that action, he may litigate his contention that the Constitution entitles him to an Article III forum for his takings claim.

Indeed, Mr. Sammons has filed such an action in district court, seeking $900,000 in damages. *Sammons v. United States*, No. 5:16-cv-1054-FB (W.D. Tex. Oct. 21, 2016), ECF No. 1. In that action, he immediately moved for a declaration that, despite the $10,000 limit on district courts' jurisdiction over such claims, 28 U.S.C. § 1346(a)(2)(a)(2), the Constitution entitles him to an Article III forum. ECF No. 3 (Oct. 21, 2016). The government opposed Mr. Sammons's motion and also moved to dismiss, ECF No. 15 (Jan. 9, 2017); Mr. Sammons replied and responded, ECF No. 16 (Jan. 9, 2017); ECF No. 21 (Jan. 18, 2017); and the government replied, ECF No. 29 (Feb. 1, 2017).[1] A Magistrate Judge has now issued a report and recommendation, which rejects Mr. Sammons's argument based on *Stern v. Marshall* and other authorities discussing Article I courts and concludes that the case should be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). ECF No. 30 (Feb. 7, 2017). Mr. Sammons has filed an objection with the district court pursuant to Federal Rule of Civil Procedure 72, ECF No. 31 (Feb. 7, 2017); and the govern-

---

[1]  Mr. Sammons furnished to the Magistrate Judge a lengthy law review article addressing the issue he raised regarding an entitlement to an Article III court for a takings claim. *See* Michael P. Goodman, *Taking Back Takings Claims: Why Congress Giving Just Compensation Jurisdiction to the Court of Federal Claims Is Unconstitutional*, 60 Vill. L. Rev. 83 (2015). He has supplied a prepublication version of that article to this court as well.

ment has responded, ECF No. 32 (Feb. 17, 2017). It appears that, after Mr. Sammons replies, the issue will be ripe for decision.

We agree with the Court of Federal Claims that Mr. Sammons has not shown why denial of intervention in the present matter would impair or impede his ability to protect his interest in the property or transaction that is the subject of this case. Order 8. From all that appears, he may fully litigate, in the Texas case, his claim of entitlement to an Article III forum for his takings claim. He may litigate his takings claim in that case if he prevails on his argument that he is entitled to keep his case there. And if he does not prevail on that argument, he may have his takings claim adjudicated in the Court of Federal Claims, whether by filing his own action there or by including himself within what he has asserted is at least one class action in that court covering his claim. *See* R. Ct. Fed. Cl. 23(c)(2)(B)(v).

We also see no reversible error in the Court of Federal Claims' determination that Mr. Sammons's intervention motion was not "timely," as required by Rule 24. In deciding whether a motion is timely, a court may consider (1) "the length of time during which the would-be intervenor[] actually knew or reasonably should have known of [his] rights," (2) "whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor[] by denying intervention," and (3) the "existence of unusual circumstances militating either for or against a determination that the application is timely." *Doe*, 44 F. App'x at 501; *Belton*, 6 F.3d at 762. The Court of Federal Claims properly considered those factors.

The court found that Mr. Sammons had filed his motion to intervene more than three years after the shareholders filed their complaint—the time at which Mr. Sammons was or should have been aware of the right to

relief that he now claims. Order 8–9. As just explained, the court found, too, that Mr. Sammons would not be prejudiced by denying intervention in this case. *Id.* at 8. The court further found that, because of the passage of time, the action had progressed "too far down the discovery track to be disrupted by a motion for intervention." *Id.* at 9. Although no answer has been filed in this case, discovery has proceeded, the docket has expanded to more than 350 entries, and the parties' privilege disputes have spilled over into this court. *See In re United States*, No. 2017-1122. Finally, the court concluded that there were no unusual circumstances that would affect the determination of untimeliness. Order 9. We see no legal error or other abuse of discretion in that analysis.[2]

We therefore find no reversible error in the denial of intervention in this case. We do not here address Mr. Sammons's constitutional argument against the jurisdiction of the Court of Federal Claims. *See Defenders of Wildlife v. Perciasepe*, 714 F.3d 1317, 1327–29 (D.C. Cir. 2013) (upon denying intervention, refusing to address challenge to trial court's subject matter jurisdiction). That argument, to the extent it is a jurisdictional one, must be addressed by the Court of Federal Claims and (if there is an appeal) by this court even if Mr. Sammons is not a party and even if no party makes the argument he makes.

---

[2]    Mr. Sammons moved to intervene only as of right under Rule 24(a), and the Court of Federal Claims accordingly did not separately address whether he qualified for permissive intervention under Rule 24(b). No Rule 24(b) issue is before us. But because Mr. Sammons now invokes Rule 24(b), we note that untimeliness, which the Court of Federal Claims has found, bars permissive intervention as well as intervention as of right. *See* R. Ct. Fed. Cl. 24(b)(1), (3).

CONCLUSION

For the foregoing reasons, we affirm the order of the Court of Federal Claims denying intervention.

**AFFIRMED**